IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00139-LTB-KLM

JAY DEVAUGHN

      Plaintiff,

v.

LIEUTENANT SOLIS, Englewood FCI,
UNNAMED BUREAU OF PRISONS GUARD, R&D, Englewood FCI, and
UNNAMED BUREAU OF PRISONS GUARD, R&D, Englewood FCI,

      Defendants.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Lieutenant Solis's Motion to Dismiss** [#11][1] (the "Motion to Dismiss") and on Plaintiff's **Motion for Leave to Amend Complaint** [#20] (the "Motion to Amend").[2]

As a preliminary matter, a Scheduling Conference has not yet been held, and thus Plaintiff's request to amend the Complaint [#1] is timely. The Court therefore considers whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should generally be permitted unless the moving party unduly delayed or failed to cure, the

---

[1]  "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this order.

[2]  The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(c).

opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile if it would not survive a motion to dismiss.  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

The Court notes that this case is still in its earliest stages.  Plaintiff, who proceeds in this matter as a pro se litigant, has neither filed an amended complaint as a matter of course nor previously sought leave to amend his Complaint.[3]  No ruling has issued on any dispositive motion.  A Scheduling Conference has not yet been held and discovery has not commenced.  At this stage of the proceedings, the Tenth Circuit has expressed that, "the preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[.]"  *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991).  In the present circumstances, therefore, the Court will not deny leave to amend.  Thus, the Court permits Plaintiff leave to file an Amended Complaint.  *See, e.g.*, *Starr v. City of Lakewood*, No. 08-cv-01390-WYD-KLM, 2008 WL 5246158, at *1 (D. Colo. Dec. 16, 2008).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Amend [#20] is **GRANTED**.  The Proposed First Amended Complaint [#20-1] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Motion to Dismiss [#11] is **DENIED as moot**.  *See,*

---

[3]  On May 19, 2014, Plaintiff sought leave to amend his Complaint, but his request was denied without prejudice based on procedural deficiencies and not based on the merit of the request.  *See generally Motion for Request to Amend Complaint* [#16]; *Minute Order* [#19].

*e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated:  June 24, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge