IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00139-LTB-KLM

JAY DEVAUGHN,

　　　　Plaintiff,

v.

PRISONER GUARD C. HENDENSKOG,
PRISON GUARD GOULD, and
LIEUTENANT ANDRES SOLIS, Englewood FCI,

　　　　Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

### I.  Recommendation Regarding Dispositive Motions and Motion to Amend

This matter is before the Court on **Defendant Lieutenant Solis's Motion to Dismiss** [#24][1] (the "Solis MTD"), Defendant [H]endenskog and Gould's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 23) [#38] (the "Second MTD"), Plaintiff's **Motion for Leave to Amend Complaint** [#46] (the "First MTA"), and Plaintiff's **Motion to Amend Complaint** [#52] (the "Second MTA" and, collectively with the Solis MTD, the Second MTD, and the First MTA, the "Motions").  Plaintiff Jay Devaughn, who proceeds in this matter pro se, filed a Response to the Solis MTD [#39].  Defendant Solis has not filed a reply and his time to do so has elapsed.  Plain filed a Response to the Second MTD [#42], Defendants

_____

[1] "[#24]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

Hendenskog and Gould filed a Reply [#49], and, without seeking leave of the Court, Plaintiff filed a Surreply [#56]. Defendants filed a Response to the First MTA [#50] and Plaintiff filed a Reply [#57] in further support of the First MTA [#57]. Defendants have not filed a response to the Second MTA and their time to do so has elapsed. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motions have been referred to the undersigned for a recommendation regarding disposition [##25, 40, 46, 53]. The Court has reviewed the Motions, the Responses, the Replies, the Surreply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Solis MTD [#24] be **GRANTED in part**, that the Second MTD [#38] be **GRANTED**, that the First MTA [#46] be **DENIED**, and that the Second MTA [#52] be **DENIED**.

A.    **Background**

   1.    **Allegations**

On January 17, 2014, Plaintiff initiated this *Bivens*[2] action by filing his Complaint [#1]. In his Complaint, Plaintiff brought claims against Defendant Solis, Unnamed BOP Guard #1, and Unnamed BOP Guard #2 for an incident he alleged occurred on January 28, 2010. *Complaint* [#1] at 2. Specifically, he alleged that the three Defendants violated his Eighth Amendment right by exerting excessive force and failing to provide him with medical care. *Id.* Plaintiff is suing each Defendant in his individual capacity and seeks $14,000 in

---

[2] In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court created a cause of action for money damages and injunctive relief against federal officials acting under color of their authority for violations of an individual's constitutional rights, 403 U.S. at 395-97. *Bivens* only authorizes suit against federal officials in their individual capacities. *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

damages. *Id.* at 6-7.  Plaintiff states that he brings these claims pursuant to 42 U.S.C. § 1983.[3]  *Id.* at 4.

On June 23, 2014, Plaintiff sought leave to file his Amended Complaint [#23], which was granted on June 24, 2014 [#22].  The Amended Complaint identified the two unnamed BOP guards as Defendants Hendenskog and Gould.  *Am. Compl.* [#23] ¶ 6.  The Amended Complaint also provided more details regarding the incident described in the Complaint and referred to it as occurring on January 28, 2011, not January 28, 2010.[4]  *Am. Compl.* [#23] ¶¶ 7-16.  Plaintiff also alleged that he was denied due process relating to his placement in administrative segregation.  *Id.* ¶¶ 14-17.  In addition, Plaintiff averred that he was denied medical care.  *Id.* ¶¶ 18-19.  Thereafter, Defendant Solis filed the Solis MTD [#24].  Because Defendants Hendenskog and Gould were not named in the original Complaint, the Court ordered the United States Marshals Service to effectuate service of the Amended Complaint on them.  *Minute Order* [#26] at 1.  Thereafter, these Defendants filed the Second MTD.

## 2.  The Solis MTD

In the Solis MTD, Defendant Solis argues, among other things, that Plaintiff's claims are time-barred.  *Solis MTD* [#24] at 3-5.  Specifically, he argues that Plaintiff's claims "accrued on January 28, 2011, when Lt. Solis allegedly intimidated [Plaintiff] into signing

---

[3]  42 U.S.C. § 1983 creates a private right of action against state employees and *Bivens* is "the federal analog to a § 1983 suit . . . ."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

[4]  Plaintiff's later filings state that the incident occurred on January 28, 2011.  *See, e.g., Motion for Judicial Notice* [#41] at 1; *Proposed Second Amended Complaint* [#46-1] ¶ 4*; Proposed Third Amended Complaint* [#52-1] at 1.  In the motions to dismiss, Defendants use the 2011 date for purposes of arguing that the claims are time-barred.  *See, e.g., Solis MTD* [#24] at 2; *Second MTD* [#38] at 1.

an incident report statement that left out the alleged assault on Plaintiff, and when, somehow, Lt. Solis assaulted and battered Plaintiff (even though Lt. Solis was not present during that incident.)[.]" *Id.* at 4.   Defendant Solis contends that, to the extent Plaintiff asserts a claim of assault or battery against him, a one-year statute of limitation applies and, to the extent Plaintiff brings other tort claims, a two-year statute of limitations applies. *Id.*  Accordingly, Defendant argues that all claims asserted against him by Plaintiff are barred by applicable statutes of limitations because they were first asserted in the Complaint filed on January 17, 2014.

In his Response to the Solis MTD, Plaintiff does not disagree regarding the applicable statutes of limitations.  *Response to Solis MTD* [#39] at 7.  Instead, he argues that the Court should equitably toll the statutes of limitations because "'truly extraordinary circumstances prevented the Plaintiff from filing his or her claim, despite diligent efforts.'" *Id.* at 8 (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 F.2d 1094, 1099 (Colo. 1996)). Plaintiff argues that his circumstances are extraordinary as follows:

> Plaintiff has pursued a complaint with the Office of the Inspector General through a Lieutenant Myers of Big Springs' SIS (Special Investigative Services) in October 2012.  Plaintiff has filed a Freedom of Information Act Request to be given the results of that investigation.  Plaintiff also filed a BP-9 and BP-10 in approximately September of 2011.  He has filed a BP-11, and it has been processed.  Plaintiff also filed a Federal Tort Claim in December of 2013, and the response from the Legal Services Office of the Bureau of Prisons in Florence stated that "we find that you did not suffer damages as a result of negligence in this case."
>
> The Plaintiff also suffers from Bipolar Disorder, which results in mood and energy swings.  Plaintiff has never been to prison before, and he had never heard of a *Bivens* action until August of 2013.

*Id.* at 8.  Plaintiff argues that "[t]hese are examples of extraordinary circumstances which merit equitable tolling."  *Id.*

### 3.    The Second MTD

In the Second MTD, Defendants Hendenskog and Gould argue that Plaintiff's claims against them are time-barred.  *Second MTD* [#38] at 3-4.  Specifically, they argue that the claims asserted against them are subject to a two-year statute of limitations and that they accrued on January 28, 2011.  *Id.* at 3.  They aver that because Plaintiff did not file his "complaint against Defendants Gould and Hendenskog until June 24, 2014, a date more then three years beyond the incident," the claims are time-barred.  *Id.* at 3-4.  These Defendants further argue that the filing of the original Complaint does not change this outcome.  *Id.* at 4 n.3.

In his Response to the Second MTD, Plaintiff again does not dispute the applicable statute of limitations.  *Response to Second MTD* [#42] at 4.  Instead, he argues that the Court should equitably toll the statute of limitations due to extraordinary circumstances.  *Id.* In this Response, Plaintiff explains his situation as follows:

> Plaintiff pursued several avenues while pressing his claim, including filing a formal complaint with the Inspector General's Office through a Lieutenant Myers through the SIS (Special Investigative Services) division of Big Springs FCI.  Now, it appears that the results of that investigation (if one was indeed ever done) cannot be found, according to a response to Plaintiff's Freedom of Information Act request on August 13, 2014.
>
> Plaintiff also filed a BP-9 and BP-10 as part of the Administrative Remedy process, but according to the Bureau of Prisons' response to the BP-11 filed by Plaintiff, those cannot be located[ ] either.  The BOP also says in this response to the BP-11 that "you must file within 21 days of the incident," even though [P]laintiff was held in the SHU for 6 weeks and denied access to those forms or to an Englewood staff member who could provide those forms by an EMT named Williamson.  There are an average of 1-2 recalls per week at Big Spring FCI for staff meetings, and during these recalls the law library is closed.  Last summer, due to a race riot involving a conflict between 400-500 African-American and Hispanic inmates, Big Spring FCI was locked down for 21 days, the longest lockdown in its history.  Plaintiff was unable to pursue legal research during this time.

> When [P]laintiff learned in the law library in October[ ] 2012 of the US Supreme Court's ruling affirming the 3rd Circuit [ ] Court order awarding damages to a prisoner who was sexually abused by prison guards in <u>Milbrook v. United States</u>, [P]laintiff filed a Federal Tort Claims Act seeking damages against the [D]efendants.  However, this claim was denied by a US attorney at the Florence, Colorado legal department of the BOP "because the Englewood FCI guards weren't negligent."
>
> As mentioned earlier, [P]laintiff suffers from bipolar disorder.  Even when taking medication (lithium carbonate, 1,200 mg daily[,] and Zoloft, 50 mg daily), there are still symptoms.  Medication isn't a cure.  Plaintiff suffers from insomnia, difficulty concentrating, and depression daily.  The medications themselves that are prescribed to manage [P]laintiff's symptoms cause difficulties in concentration.  Under times of stress, [P]laintiff's symptoms worsen greatly; following the August[ ] 2013 race riot here at Big Spring, even when the lockdown was over on August 21, it took over a month for [P]lainitff to return to relatively normal functioning.
>
> Many prisoners face mental health issues, prison violence, or institutional barriers to pursuing legal research.  But when all three of these are present, as they are in [P]laintiff's case, they constitute "truly extraordinary circumstances" under C.R.S. §13-80-102.

*Id.* at 4-5.

In their Reply, Defendants Hendenskog and Gould argue that Plaintiff has not alleged extraordinary circumstances that would support a one or two year tolling of the statute of limitations.  They maintain that "Plaintiff's excuses are typical of circumstances presented by the prison setting that have not prevented many other federal prisoners from bringing *Bivens* claims."  *Reply to Second MTD* [#49] at 3.  They further argue that "[e]ven taking Plaintiff's excuses at face value, they do not fully account for the two-year period that Plaintiff had to bring his claims."  *Id.*

Without seeking leave of the Court, Plaintiff filed a Surreply.  In the Surreply, Plaintiff describes his diagnosis of bipolar disorder and the impact it has on his life.  *Surreply to Second MTD* [#56] at 2.  He argues that the "symptoms, as well as the side effects of the

6

medication used to control those symptoms, all impacted Plaintiff's ability to file his claim." *Id.*

### 4.    The Motions to Amend

The First MTA and the Second MTA both seek leave to file amended complaints that are premised on the January 28, 2011 incident. *Proposed Second Amended Complaint* [#56-1] at ¶ 4; *Proposed Third Amended Complaint* [#52-1] at 1. As a result, if Plaintiff's claims are time-barred, amendment would be futile. Therefore, the Court will first address the statute of limitations argument.

## B.    Standard of Review

### 1.    Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192 .

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

### 2.    Fed. R. Civ. P. 15

As a preliminary matter, a Scheduling Conference has not yet been held, and no pleading amendment deadline has yet been set.  Therefore, Plaintiff's requests to amend his amended complaint are timely.  The Court thus considers any arguments raised by the parties related to whether justice would be served by amendment.  Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed

to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### 3.      Plaintiff's Pro Se Status

The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*, 935 F.2d at 1110.  The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### C.      Analysis

### 1.      The Statutes of Limitations

It is well established that "a *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues."  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) and *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984)).  Because the violations alleged in the Amended Complaint occurred in Colorado, the Colorado statute of limitations applies.  In Colorado, the limitation on a personal injury claim is two years.  *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "all actions upon liability created by a federal statute where no

period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying C.R.S. § 13-80-102 to a § 1983 claim). In addition, to the extent Plaintiff brings assault or battery claims against Defendants, Colo. Rev. Stat. § 13-80-103(1)(a) sets a one-year statute of limitations.

However, "[a]lthough state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrued." *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citation omitted). In *Van Tu*, the Tenth Circuit held that pursuant to federal law, "the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* (internal quotation marks and citation omitted); *see also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (holding that "[s]ection 1983 claims accrue, for the purposes of the statute of limitations, when plaintiff knows or has reason to know of the injury which is the basis of his action").

Like the statute of limitations issue, the applicability of equitable tolling is also governed by Colorado state law. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citing *Board of Regents v. Tomanio*, 446 U.S. 478 (1980)); *see also Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (applying Colorado's equitable tolling rules to the statute of limitations in a *Bivens* action); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (applying Illinois personal injury statute and tolling laws to a *Bivens* action)).

First, when the dates provided in a complaint clearly demonstrate that the right to sue has been extinguished, "the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041, n.4 (10th Cir.

10

1980) (citations omitted).  Second, Colorado law only allows equitable tolling of a statute of limitations where "either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996).  The application of equitable tolling calls for the Court to make "an inquiry into the circumstances of the delay that prompted the statute of limitations to be invoked." *Shell Western E & P, Inc. v. Dolores County Bd. of Com'rs*, 948 P.2d 1002, 1010 (Colo. 1997).  Moreover, once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled, as "[t]his accords with the rule that the person asserting a claim in equity bears the burden of furnishing satisfactory proof." *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992) (citations omitted).

In the first instance, where the plaintiff alleges that the defendant has wrongfully prevented the plaintiff from bringing a claim, the plaintiff "must assert facts sufficient to establish that the defendant's actions prevented the filing of a timely claim." *Olson v. State Farm Mut. Auto. Ins. Co.*, No. 06CA2164, 2007 WL 4198354, *9 (Colo. App. Nov. 29, 2007) (citing *Shell W. E & P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1008 (Colo. 1997)).  Thus, "[i]f there is no evidence to demonstrate that defendant engaged in any conduct which adversely affected the filing of the plaintiff's claim, a court may not apply the doctrine of equitable tolling." *Samples-Ehrlich v. Simon*, 876 P.2d 108, 110 (Colo. App. 1994) (citation omitted).  In the second instance, where the plaintiff has invoked the "extraordinary circumstances" basis for equitable tolling, he must show that he made good faith efforts to pursue his claim. *Dean Witter Reynolds, Inc.*, 911 P.2d at 1098.  That is,

11

"[w]here a plaintiff has options on which he does not act, he has failed to act in good faith and equitable tolling cannot apply." *Id.* The doctrine of tolling is "not favored." *Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007); *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 150 (Colo. 2007).

Here, Plaintiff does not argue that Defendants interfered with his ability to file suit in a timely manner. Instead, he argues that extraordinary circumstances exist. In *Dean Witter*, the Colorado Supreme Court noted three cases from other jurisdictions where extraordinary circumstances existed and the courts tolled the applicable statutes of limitations. 911 P.2d at 1097. All of those cases involved facts where the plaintiff was truly precluded from bringing a claim by circumstances outside of his or her control.[5] *See also, Damian v. Mountain Parks, Elec., Inc.*, 310 P.3d 242, 245-46 (Colo. App. 2012) (finding that "Plaintiffs have not alleged the type of truly extraordinary circumstances that might allow equitable tolling."). Plaintiff offers three main arguments for why the Court should equitably toll the statutes of limitations in this case.

First, he maintains that he actively pursued his administrative remedies and a Federal Tort Claims Act action relating to the January 2011 incident. *Response to Second MTD* [#42] at 4-5. However, the Colorado Supreme Court has found that "an ongoing

---

[5]  *Hanger v. Abbott*, 73 U.S. (6 Wall.) 532, 18 L.Ed. 939 (1867) (finding extraordinary circumstances tolling statute of limitations where courts in southern states were closed during Civil War); *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590 (9th Cir.1991) (applying equitable tolling where district court's erroneous enforcement of an unconstitutional statute barred plaintiff from filing claims in a timely manner), *rev'd on other grounds*, 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Osbourne v. United States*, 164 F.2d 767 (2d Cir.1947) (holding plaintiff's internment by Japan during World War II tolled limitations period on his claim arising immediately prior to his internment). As the Colorado Supreme Court explained, "[t]he reasoning underlying these cases is that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." *Dean Witter*, 911 P.2d at 1097.

workers' compensation proceeding" does not constitute extraordinary circumstances. *Brodeur*, 169 P.3d at 149-50.   In addition, in *Dean Witter*, the Colorado Supreme Court held that the plaintiff's/respondent's argument that he did not have a claim for damages until after a related litigation was resolved failed to establish extraordinary circumstances.   911 P.2d at 1097-98.   The Colorado Supreme Court explained:

> We conclude that the burden was on Hartman to assert his causes of action against Dean Witter and Norwest Bank, either by joining them in the original lawsuit or by filing a separate case and litigating the two issues we have identified.  If that separate case had been filed, the trial court might well have decided to stay the action against Dean Witter and Norwest Bank until the decision in the Vaux action became final.  The extraordinary circumstances basis for applying equitable tolling requires good faith efforts on the part of the plaintiff to pursue his or her claims.  Because Hartman had options on which he did not act, we find a lack of good faith effort on his part to bring these claims in a timely manner, and hence decline to apply equitable tolling.
>
> . . .
>
> Statutes of limitation recognize that eventual repose creates desirable security and stability in human affairs.  By penalizing unreasonable delay, statutes of limitation compel litigants to pursue their claims in a timely manner.  Thus, an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.
>
> Fairness does not require equitable tolling in this case.   Neither the defendants nor extraordinary circumstances stood in the way of Hartman's filing suit within the statutory period.   Only the plaintiff's own inaction prevented him from filing in a timely manner.  We refuse to apply the doctrine of equitable tolling under these circumstances . . . .

*Id*. at 1098-99.  Simply stated, the fact that Plaintiff chose to pursue his legal rights in either inappropriate or ineffective forms and venues does not constitute extraordinary circumstances that would require the Court to equitably toll the applicable statutes of limitations.

Second, Plaintiff argues that a prison race riot resulted in a 21-day lock-down of the prison in which he is housed and that, as a result, he "was unable to pursue legal research during this time." *Response to Second MTD* [#42] at 5.   In this case, the alleged incident occurred on January 28, 2011, therefore the longer, two-year statute of limitations expired on January 28, 2013.  However, Plaintiff filed his original complaint on January 17, 2014. Therefore, the Court need not determine if this circumstance constitutes extraordinary circumstances because even if the Court tolled the statute of limitations for 21 days to account for the 21-day lock-down, Plaintiff's claims would still be time-barred.  *See Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("'Equitable tolling' of a statute means only that the running of the statute is suspended, not that the limitations period beings over again."); *see also Robinson v. United States*, No. 13-cv-02269-MSK-CBS, 2014 WL 2536828, at *4 ("Thus, even if the Court concluded that the doctrine of equitable tolling suspended the clock . . . doing so would only give [Plaintiff] . . . two days [ ] to refile . . . . However, [Plaintiff's] Complaint . . . was filed . . . fifty-nine days after" the key date.).

Third, Plaintiff argues that bipolar disorder, and the associated symptoms from which he suffers, constitute extraordinary circumstances.  *Response to Second MTD* [#42] at 5. While the Court is sympathetic to Plaintiff's mental illness, his allegations that he diligently pursued his administrative grievances and filed a Federal Tort Claims Act claim during this period undercut his argument that his mental illness constitutes a "truly extraordinary circumstance[ that] prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter*, 911 P.2d at 1099; *see Couch v. Talladega Circuit Courts*, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908 at *6 (N.D. Ala. July 3, 2013) (finding that the plaintiff's allegations of mental illness did not constitute extraordinary circumstances in light

14

of her ability to file other legal documents).   Further, Plaintiff offers no objective evidence describing how his mental illness causally relates to his failure to timely file this action. *See, e.g.,  Victorial v. Burge*, 477 F.Supp.2d 652, 655 (S.D.N.Y. 2007) (petitioner's bipolar disorder did not warrant equitable tolling where petitioner failed to demonstrate that the illness "affected his ability to act with due diligence during the time period at issue" or was causally connected to his failure to timely file his habeus corpus petition); *Harper v. United States*, Criminal No. 4:07-CR-00339, 2012 WL 32920, at *4 (M.D. Pa. Jan. 6, 2012) ("[T]here is no indication that Harper's bipolar disorder rendered him so incapacitated that he was incapable of 'managing his affairs and . . . understanding his legal rights and acting upon them.'" (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), *cert. denied*, 519 U.S. 937 (1996)).

Accordingly, the Court concludes that Plaintiff's three arguments for the application of equitable tolling of the statutes of limitations in this case do not constitute extraordinary circumstances and, as a result, finds that his claims are time-barred.   Accordingly, the Court respectfully **recommends** that the Solis MTD [#24] be **granted in part** to the extent it seeks dismissal of the claims against Defendant Solis because they are time-barred and that the Second MTD [#38] be **granted**.

### 2.    Amendment Would Be Futile

As noted above, Plaintiff's First MTA and Second MTA should be denied if leave to amend would be futile.  *Foman*, 371 U.S. at 182; *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th Cir. 2014) ("[I]t is patently obvious that Ms. Knight cannot proceed with her claims, and any further opportunity to amend would be futile because her

claims would still be barred."). Plaintiff's Proposed Second Amended Complaint [#46-1] and his Proposed Third Amended Complaint [#52-1] each continue to assert claims against Defendants relating to the January 28, 2011 incident. *Proposed Second Amended Complaint* [#46-1] ¶ 4; *Proposed Third Amended Complaint* [#52-1] at 1.

The Court notes that in Plaintiff's Proposed Second and Third Amended Complaints he discusses a six-week period in which he alleges he was not seen by a doctor, which he argues, constitutes a denial of medical care. *Proposed Second Amended Complaint* [#46-1] ¶ 13; *Proposed Third Amended Complaint* [#52-1] at 2. While Plaintiff does not specify when this six-week period began, the allegations in the proposed complaints all appear to relate to the January 28, 2011. Further, as discussed below, in another motion [#58] filed by Plaintiff (the "Sixth Motion"), he asks the Court to take judicial notice of a document titled Federal Bureau of Prisons Psychology Data System, which relates to a February 24, 2011 psychological review of Plaintiff. *See generally Sixth Motion* [#58].

Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, the Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and

to which the plaintiff refers in her complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Documents considered by the Court on a motion to dismiss "may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal*, 453 F.3d at 1265 n.24 (citation omitted).

The Court does not find that the document attached to the Sixth Motion is subject to judicial notice and, therefore, may be considered by the Court. However, the Sixth Motion itself states that "Plaintiff . . . had been assigned to Disciplinary Detention by 2-24-2011." *Sixth Motion* [#58] at 2. This statement by Plaintiff in a pleading to the Court further bolsters the Court's belief that all of his claims in the proposed amended complaints relate to the January 2011 incident and, therefore, are time-barred. Accordingly, the Court respectfully **recommends** that the First MTA [#46] and the Second MTA [#52] be **DENIED**.

## II. Order on Motions for Judicial Notice

Plaintiff has filed a series of motions requesting that the Court take judicial notice of various documents. These are: Plaintiff's Motion for Judicial Notice [#41] (the "First Motion"), Plaintiff's Motion for Judicial Notice [#44] (the "Second Motion"), Plaintiff's Motion for Judicial Notice [#47] (the "Third Motion"), Plaintiff's Motion for Judicial Notice [#51] (the "Fourth Motion"), Plaintiff's Motion for Judicial Notice [#54] (the "Fifth Motion"), and the Sixth Motion [#58].

In the First Motion, Plaintiff asks the Court "to take judicial notice of a response to Plaintiff's Freedom of Information/Privacy Act Request," which he attaches to the First Motion. *First Motion* [#41] at 1. Plaintiff argues that the "Court should take judicial notice of and certify as fact that the Inspector General's report on Plaintiff's assault by C.

Hendenskog on January 28, 2011 cannot be found." *Id.* at 3.

In the Second Motion, Plaintiff attaches a Rejection Notice of his appeal to the Central Office. *Second Motion* [#44] at 3-4. Plaintiff states that "[i]t is indisputable that the BOP cannot find records of plaintiff filing his BP-10 in November[ ] 2011. It is indisputable that plaintiff could not file within 20 days of his assault." *Id.* at 2.

In the Third Motion, Plaintiff asks the Court to take judicial notice as follows:

> These facts are indisputable: (1) Plaintiff filed an affadavit [sic] with Big Spring Lieutenant Myers in October, 2012. He then sent this document to Englewood FCI. On August 13, 2014, Plaintiff filed a Freedom of Information Act Request with the Office of the Inspector General to obtain the documents related to the Inspector General's investigation into Plaintiff's assault. (2) On September 17, 2014, Plaintiff received a document from the Office of the Inspector General stating that the records could not be located. (3) Plaintiff was therefore required to submit another affadavit [sic] on Wednesday, October 16, about his assault. This is over two years after the first affadavit [sic], and during this time much important testimony could have been lost.

*Third Motion* [#47] at 2-3.

In the Fourth Motion, Plaintiff asks the Court to take judicial notice of a document titled Memorandum for File, dated October 20, 2014, which states that the Federal Bureau of Prisons concluded its investigation into Plaintiff's allegations that he was subject to non-consensual sexual misconduct by a staff member on January 28, 2011 and that the "case was completed and deemed to be **unsubstantiated**." *Fourth Motion* [#51] at 5 (emphasis in original). Plaintiff cites to Fed. R. Evid. 201(b) and argues that the document's accuracy cannot be questioned and that the Court should therefore take judicial notice of the document. *Id.* at 4.

In the Fifth Motion, Plaintiff, again relying on Fed. R. Evid. 201[6], asks the Court to take judicial notice of two documents. *See generally Fifth Motion* [#54]. The first document is titled "Incident Report" and is dated February 4, 2011. *Id.* at 3-4. The second document is titled "Discipline Hearing Office Report" and relates to a February 9, 2011 hearing. *Id.* at 5.

In the Sixth Motion, Plaintiff asks the Court to take judicial notice of a document titled Federal Bureau of Prisons Psychology Data System, which relates to a February 24, 2011 psychological review of Plaintiff. *See generally Sixth Motion* [#58]. The attached document notes that Plaintiff's "[c]urrent mental status, emotional expression, and behavior do not suggest significant mental health problems." *Id.* at 3. The document also notes that Plaintiff was placed in the Special Housing Unit "for assaulting any person." *Id.* Plaintiff argues that "all of the statements made on this report by Dr. Johnson as to his mental status, adjustment, threat to self, and threat to others are false." *Id.* at 2.

As noted above, the Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle*, 208 F.3d at 1222. Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal*, 453 F.3d at 1265 n.24. Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in her complaint. *GFF Corp.*, 130 F.3d at 1384. None of the documents offered by Plaintiff appear to fall into any of these three categories.

---

[6] Plaintiff refers to Fed. R. Civ. Pro. 201, but his explanation of the rule makes clear that he is relying on Fed. R. Evid. 201.

However, the Court need not consider the requested relief.  Because the Court is recommending that Plaintiff's claims be dismissed as barred by the applicable statutes of limitations, the First Motion [#41], Second Motion [#44], Third Motion [#47], Fourth Motion [#51], Fifth Motion [#54], and Sixth Motion [#58] are **denied as moot**.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Solis MTD [#24] be **GRANTED in part** to the extent it seeks dismissal of Plaintiff's claims against Defendant Solis because they are time-barred, and that those claims be **dismissed with prejudice**.[7]

The Court FURTHER **RECOMMENDS** that the Second MTD [#38] be **GRANTED** and that the claims asserted against Defendants Hendenskog and Gould be **dismissed with prejudice** as time-barred.

The Court FURTHER **RECOMMENDS** that the First MTA [#46] and the Second MTA [#52] be **DENIED**.

IT IS HEREBY **ORDERED** that the First Motion [#41], Section Motion [#44], Third Motion [#47], Fourth Motion [#51], Fifth Motion [#54], and Sixth Motion [#58] are **DENIED as moot**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A

---

[7] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (affirming dismissal with prejudice of claims barred by the statute of limitations).

party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  December 10, 2014                 BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge